# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
_____

SAM POSEY, DANNY TODD, BILLY
CHITWOOD and JIMMY PORTER,

     Plaintiffs-Appellees,

Vs.

Shelby Chancery No. 102072-1
C.A. No. W1999-02225-COA-R3-CV

CITY OF MEMPHIS, TENNESSEE,
DIVISION OF FIRE SERVICES OF
MEMPHIS, TENNESSEE, DR. W. W.
HERENTON, Mayor, WESTELLE
FLOREZ, Director of the Division
of Personnel, and CHARLES SMITH,
Director of the Division of Fire
Services,

FILED

January 11, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

     Defendants-Appellants.

_____

FROM THE SHELBY COUNTY CHANCERY COURT
THE HONORABLE WALTER L. EVANS, CHANCELLOR

Mark Allen; Barclay M. Roberts; Allen Godwin; of Morris,
Laurenzi & Bloomfield, P.C., of Memphis
For Appellees

Charles V. Holmes; Louis P. Britt, III of
Ford & Harrison LLP of Memphis
For Appellants

*REVERSED AND REMANDED*

Opinion filed:

W. FRANK CRAWFORD, P.J., W.S.

CONCUR:

ALAN E. HIGHERS, JUDGE

HOLLY KIRBY LILLARD, JUDGE

This is a class action declaratory judgment suit filed by plaintiffs against the City of Memphis and the various-named individual defendants in their official capacities only.[1] The complaint seeks declaratory and injunctive relief concerning the City's method of calculating pensions of city firefighters with thirty or more years of service who are eligible for automatic promotion to the rank of captain pursuant to Memphis City Charter Sec. 67. The complaint alleges, *inter alia*, that the City violated Sec. 25.1 (4)(a) 3 of the Code of Ordinances of the City of Memphis by calculating the pensions of the firefighters upon the salary of the former rank of captain as opposed to the current rank of battalion commander. Plaintiffs aver that the rank of battalion commander became a comparable rank to captain within the meaning of Sec. 25-1 (4)(a) 3 after the rank of captain was eliminated from the command structure by reorganization of the department.[2]

Basically, there is no dispute of material facts. The pension controversy results from the 1988 reorganization of the command structure of the Fire Suppression Bureau (Bureau) of the City's Fire Service Division. After the reorganization, there was a reduction in the number of managerial employees, there was a modification and expansion of certain other job duties and responsibilities, and there were a few new positions created.[3]

The reorganization resulted in the number of command positions being reduced from 123 to 76 and specifically, the number of captains being reduced from 84 to 48. The captains that were forced to retire were pensioned off at rate 4 of captains' pay.

---

[1] The certification of the class designates the class as: "All past and present employees of the City of Memphis Fire Services Division who were hired prior to January 31, 1979, and who have or will become eligible for automatic promotion to Captain pursuant to Charter Section 67, and who retired on or after May 1, 1988 or will be eligible in the future to retire pursuant to the Memphis City Ordinance, and who have not achieved the rank of Battalion Commander."

[2] The trial court entered judgment for the City in April 1995, but on appeal this Court vacated the judgment and remanded the case for further proceedings.

[3] Prior to April 1988, the command structure of the Bureau consisted of two divisions headed by six deputy chiefs. The divisions consisted of eleven battalions headed by thirty-three district chiefs, and the battalions consisted of firefighting companies headed by 84 captains. Prior to the reorganization, personnel was divided into the following ranks listed in ascending order: privates, drivers, lieutenants, captains, and chiefs.

The remaining 48 captains were all moved to rate 4 of the pay scales, their duties were changed, and they were renamed "battalion captains."[4]  Whereas a captain was previously responsible for one engine company during all three shifts, the battalion captains were responsible for six engine houses during one shift and were provided with a car.  No additional training or education was required of the 48 newly designated battalion captains.

In January, 1989, the 48 battalion captains were renamed "battalion commanders." There were no changes in the newly designated battalion commanders' job duties, responsibilities, or pay scale.  A new pay scale was implemented on July 1, 1989, whereby the ranks held by the firefighting personnel for the Fire Services Divisions were listed in ascending order as follows: privates, drivers, lieutenants, battalion commanders, and chiefs.

With the elimination of the captain's position from the Bureau's command structure, the Fire Division determined that there was no comparable rank to the rank of captain and that it was necessary to maintain a captain's salary on its payroll for the purposes of calculating the pension of a 30 year firefighter pursuant to § 25-1(4)(A)3 of the Code of Ordinances of the City of Memphis. As a result, the Fire Division kept on its payroll the captain designation in existence at the time of reorganization.

Upon remand, after a non-jury trial, the trial court held that the position of battalion commander is a comparable rank to the former rank of captain within the meaning of Section 25-1(4)(A)3 and that all thirty-year firefighters who come within the group that are covered by that provision are entitled to have their pensions based upon the salary of a battalion commander.

The City filed a Notice of Appeal, and the issues for review, as stated in appellants' brief, are:

> 1. Whether the trial court erred in determining that the City of Memphis violated §25-1(4)(A)3 of the Code of Ordinances of the City of Memphis and Memphis City Charter § 67 by calculating Plaintiffs' pensions upon the salary of the former rank of captain (with annual adjustments) as opposed to the salary of a battalion

---

[4] Prior to reorganization, captains were paid on one of five different rates as reflected in the Fire Fighting 1987-88 and 1988-89 pay scales, ranging from a base rate to rate 4.

commander/chief.

2. Whether the trial court erred in determining that the position of battalion commander/chief is a "comparable rank" to the former rank of captain within the meaning of §25-1(4)(A)3 of the Code of Ordinances of the City of Memphis.

3. Whether the trial court erred in directing the City of Memphis to calculate Plaintiffs' pension based upon the salary of a battalion commander/chief.

We will consider the issues together. The City asserts that after reorganization, the duties of the newly designated ranks materially changed, and upon the elimination of the rank of captain, there is no comparable position in the hierarchy. Plaintiffs, on the other hand, assert that the duties of the various positions are not the correct criteria, but that the ranking in the hierarchy is the determinative factor. They assert that prior to reorganization, the captain held a rank just below chief and just above lieutenant, and, therefore, after reorganization, the comparable rank of captain would be the position designated just above lieutenant and just below chief, which in this instance is battalion commander.

The core of our decision rests with the provisions of City Charter, Sec. 67, and City Ordinance, Sec. 25.1 (4)(a) and 3.

Article 10, Sec. 67 of the Charter of the City of Memphis provides:

Section 67. Automatic promotion to captain after thirty years.
Any fireman or policeman, who shall have served the City of Memphis for a period of thirty years, either continuously or intermittently, shall, at the expiration of said thirty years, automatically be promoted to the rank of captain of the fire division or captain of the police division, with all of the salary, emoluments and other privileges of said rank; and upon the retirement of such fireman or policeman, he shall receive a pension as captain.

Automatic promotion to the rank of captain in either the fire services division or the police division as set out in the above paragraph shall not apply to any person employed by the city after the date of January 31, 1979. (Priv. Acts 1927, Ch. 521; Ord. No. 2725, §1, 5-23-78).

Sec. 25-1 (4)(a) 3 of the City of Memphis provides:

For any police officer or firefighter credited with thirty (30) or more years of service, and eligible for automatic promotion to captain or comparable rank in the police or fire divisions of the city under charter section 67, his average monthly compensation shall be the current

4

> monthly base compensation of a captain or comparable rank in the police or fire divisions of the city as of the date of his retirement, plus any shift premium pay, hazardous premium pay, holiday pay, longevity pay and incentive pay, excluding overtime pay, earned during the immediately preceding twelve (12) months.

This Court previously dealt with Sec. 67 of the Charter in **Burrell v. City of Memphis,** unpublished opinion filed August 16, 1989 (permission to appeal denied November 6, 1989) (1989 WL 92164). In **Burrell**, a number of firefighters filed suit seeking reinstatement of their employment to the Memphis Fire Service Division with the rank of captain. The plaintiffs contended that the City violated Sec. 67 of the Charter by not permitting them to work in the position of firefighting captain until such time as they decided to retire. The issue for review was stated:

> Whether the decision of the Trial Court, which interpreted the provisions of Section 67 of the Charter of the City of Memphis regarding the promotion and continued employment of 30-year police and fire department employees as being permissive rather than mandatory, was erroneous as a matter of law.

**Id**. at *1. Affirming the trial court, this Court held that the provisions of Section 67 did not create a guarantee of employment but did provide for automatic promotion to captain at the completion of thirty years of service and a captain's pension upon retirement. **Id.** at *2. The Court's ruling in **Burrell** effectively relegates the automatic promotion provision of Section 67 to purely a retirement tool. Such promotion to captain rewards the employee for faithful service but provides no automatic benefit if employment is continued after thirty years. Therefore, we must examine the Charter provision and the applicable ordinance in light of the court's ruling in **Burrell**.

We first note that Section 67 of the Charter is quite specific that as to firemen the promotion is to the rank of captain. There is no provision in the Charter for any promotion to any other rank. Apparently recognizing that changes could occur in the organization, the City, by Section 25-1 (4)(a) 3, provided for the calculation of the proper retirement pay for those eligible under Section 67 of the Charter. The first inquiry should be, "what is a comparable rank within the meaning of the Ordinance." Comparable has been defined as "(1) capable of or suitable for comparison; (2) equivalent, similar." **Webster's New Collegiate Dictionary** (1981).

Without belaboring the point, there is ample evidence in the record, and it is basically undisputed, that the job description, responsibilities, and duties of captain as that position existed prior to the 1988 reorganization and of a battalion commander as that position exists after the reorganization are vastly different. For example, prior to the reorganization, a captain was the officer in charge of a firefighting company. The company was assigned to a particular piece of equipment, such as a pumper. Five firefighters were assigned to the equipment with generally, a captain, a lieutenant, a driver, and two privates, and, in some instances, a lieutenant, a driver and three privates. The captain was in charge of that company and rode the equipment with his personnel. After reorganization, the battalion commander was placed in charge of four fire houses and was assigned a separate vehicle for his use. The battalion commander was in charge of all of the companies in each fire house and responded to fire calls in his vehicle and acted in a supervisory capacity.

As heretofore noted, however, plaintiffs assert that duties and responsibilities is not the correct criteria for determining a comparable rank and that the comparable rank is the rank or standing of the position in relation to the hierarchy. We must respectfully disagree with plaintiffs.

Recognizing that the *Burrell* court determined that the automatic promotion provision, Section 67 of the Charter, is a device for enhancing the pension of those eligible firemen, and the fact that the pay for the respective position is determined on the basis of the responsibilities and duties imposed upon that rank, we are of the opinion that a "comparable rank" as used in the Ordinance, refers to an equivalent position of responsibility, regardless of the title thereof. Based on the record before us, we cannot agree with the chancellor's finding that battalion commander is a comparable rank to that of the previous rank of captain.

It also appears to this Court that since the provision of Section 67 is for the purposes of retirement pension only, the City's decision to retain the rank of captain for pension determination is proper, even though it is no longer in the command structure. The rank of captain in the pension structure could be considered a comparable rank to the rank of captain in the previous command structure. In any event, it appears that the

6

City has attempted to take every step to assure the firemen that they will have the enhanced pension benefits notwithstanding the fact that the position of captain is eliminated in the interest of a better and more efficient operation.

We note that the trial court did not consider plaintiffs' equal protection claim. In the case's previous trip to this Court, this Court remanded the case to the trial court for a determination of the equal protection claim, and since it has not been disposed of, we must remand the case to the trial court for further proceedings on that claim.

Accordingly, the judgment of the trial court is reversed. The case is remanded to the trial court for entry of a declaratory judgment that calculation of the pension rights of plaintiff should be based upon captain's pay as it existed prior to the reorganization with the appropriate increases and other benefits as provided by ordinance. On remand, the court shall also consider plaintiffs' equal protection issue. Costs of appeal are assessed one-half to appellant and one-half to appellees.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE,W.S.**

**CONCUR:**


_____
**ALAN E. HIGHERS, JUDGE**


_____
**HOLLY KIRBY LILLARD, JUDGE**