Sam POSEY, Danny Todd, William "Billy" A. Chitwood, Jimmy L. Porter

v.

CITY OF MEMPHIS.

Court of Appeals of Tennessee, Western Section, at Jackson.

Feb. 18, 2004 Session.

Aug. 23, 2004.

Permission to Appeal Denied by Supreme Court Feb. 28, 2005.

Mark Allen and Melissa L. Palo, Memphis, Tennessee, for the appellants, Sam Posey, Danny Todd, William "Billy" A. Chitwood, and Jimmy L. Porter.

Louis P. Britt, Charles V. Holmes, and Thomas J. Walsh, Jr., Memphis, Tennessee, for the appellee, City of Memphis.

## OPINION

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

This is an equal protection case involving pension benefits for firefighters. The municipal charter and ordinance required that thirty-year firefighters be automatically promoted to fire captain and that their salaries and pensions be calculated accordingly. The defendant municipality reorganized the command structure of the fire division, forcing nearly half of the fire captains to retire. The position of fire captain was eliminated, and the remaining former captains were designated as battalion captains with expanded responsibilities. The fire captain position remained on the payroll for purposes of calculating pension benefits, as per the municipal charter and ordinance requirement. Following the reorganization, the salary for thirty-year firefighters was set at a fire captain's base pay, but thirty-year firefighters were no longer permitted to ascend the captain's pay scale and retire at the highest level of pay. In contrast, police officers, whose compensation and pensions were governed by the same charter and ordinance provisions, had an opportunity to reach the highest pay levels given thirty-year police officers. The firefighters filed this lawsuit alleging, *inter alia*, a violation of the equal protection provision of the United States Constitution. The trial court found no equal protection violation. We affirm, holding that the equal protection clause is not applicable because thirty-year firefighters and thirty-year police officers are not sufficiently similarly situated.

This is the third appeal in this long-running dispute between members of the Memphis Fire Department and Defendant/Appellee City of Memphis ("the City") regarding the calculation of pension benefits for firefighters employed for thirty years or more.[1] In the present appeal, we are asked to determine whether the City's method for calculating the pension benefits of thirty-year firefighters violates the equal protection clause of the Fourteenth Amendment to the United States Constitution.

Under the City's charter and ordinance provisions, thirty-year firefighters and thirty-year police officers are grouped together for purposes of calculating pension benefits. Article 10, section 67 of the City charter provides:

Any fireman or policeman, who shall have served the City of Memphis for a

---

1. For a detailed description of the nature of the conflict and issues decided in previous appeals, see *Posey v. City of Memphis*, 23 S.W.3d 332, 333–34 (Tenn.Ct.App.2000). In this opinion, we review only those facts necessary to address the issue in this appeal.

period of thirty (30) years, either continuously or intermittently, shall, at the expiration of said thirty years, automatically be promoted to the rank of captain of the fire division or captain of the police division, with all the salary, emoluments and other privileges of said rank; and, upon the retirement of such fireman or policeman, he shall receive a pension as captain.

Similarly, section 25–1(4)(a)(3) of the City ordinances provides:

For any police officer or firefighter credited with thirty (30) or more years of service, and eligible for automatic promotion to captain or comparable rank in the police or fire divisions of the city under Charter Section 67, his average monthly compensation shall be the current monthly base compensation of a captain or comparable rank in the police or fire divisions of the city as of the date of his retirement, plus any shift premium pay, hazardous premium pay, holiday pay, longevity pay and incentive pay, excluding overtime pay, earned during the immediately preceding twelve (12) months.

Thus, thirty-year firefighters and police officers are automatically entitled to the compensation, emoluments and privileges granted by their respective divisions to captains, or those holding a comparable rank.

Prior to 1988, the command hierarchy of both fire and police divisions included the rank of captain, by which compensation and pensions of thirty-year firefighters and police officers were calculated. A fire captain's pay was broken into five pay levels, ranging from "base" pay to "level four" pay. Upon promotion to captain, a firefighter earned a captain's "base" pay but could rapidly ascend to the higher "level four" pay by continuing to serve for at least one year.

In 1988, however, the City reorganized the command structure of the Memphis Fire Department in part by eliminating the fire captain position. Nearly half of the fire captains at that time were forced to retire. The fire captains who were not forced to retire were given expanded responsibilities and designated to the newly created rank of battalion captain. Although the City eliminated the fire captain position, a "phantom" fire captain rank remained on the payroll for purposes of calculating the pension benefits of thirty-year firefighters according to captain's pay, as required under the charter.[2] Thus, although thirty-year firefighters were no longer promoted to the rank of captain, their compensation and pension benefits were increased to the base pay level of the former captain position. However, because thirty-year firefighters were no longer able to actually hold the job position of captain, they were left with no opportunity to reach level four, the highest captain's pay. The circumstances were different for police officers; the captain's rank, at which thirty-year police officers are entitled to receive their pensions, remained a viable job position which police officers may hold. Consequently, police officers may retire at the highest pay level for a captain.

On October 15, 1992, members of the fire department, Plaintiffs/Appellants Sam Posey, Danny Todd, William "Billy" A. Chitwood, and Jimmy L. Porter (collectively "the Firefighters") filed this lawsuit, alleging that the City's method of calculating pensions violated the City charter and City ordinances, as well the equal protection clause of the Fourteenth Amendment to the United States Constitution. The

---

**2.** We held that this method of calculation did not violate the City's charter or ordinance provisions in *Posey v. City of Memphis*, 23 S.W.3d 332, 336 (Tenn.Ct.App.2000).

City filed a motion for summary judgment, and both parties filed affidavits in support of their positions. On April 19, 1995, Chancellor Neal Small entered a judgment in favor of the City, holding that there was no violation of the municipal charter and ordinances. The Firefighters appealed, and this Court vacated Chancellor Small's judgment, holding that the trial court erred in failing to address the equal protection claim and remanding the cause for an evidentiary hearing. *Posey v. City of Memphis,* No. 02A01–9603–CH–00058, 1997 WL 36811, at *4 (Tenn.Ct.App. Jan.31, 1997).

On remand, a bench trial was held on November 19, 1998, before Chancellor Walter L. Evans. After hearing evidence from both parties, the trial court entered an order on December 18, 1998, finding in favor of the Firefighters. The trial court held that the City had violated the charter and ordinances, but did not rule on the equal protection claim. The City appealed, and the trial court's ruling was reversed on appeal. This Court held that the City had not violated the charter and ordinance provisions and remanded the cause for the trial court to address the equal protection claim. *Posey v. City of Memphis,* 23 S.W.3d 332, 336 (Tenn.Ct. App.2000).

Since the parties had already presented their evidence pertaining to the equal protection claim, on remand, the trial court heard only the oral argument of counsel. After the hearing, the trial court found in favor of the City:

> There are serious questions relating to whether Memphis policemen and firemen are similarly situated for purposes of invoking protection afforded by the equal protection clause of the Fourteenth Amendment under the facts of this case. Clearly, policemen and firemen work within separate divisions of

City Government. As a result, each group works within separate and distinctly different command and salary structures. Each group also has vastly different job duties and responsibilities.

Thus, the trial court questioned whether the Firefighters and police officers were similarly situated for purposes of the equal protection clause. The trial court observed that, although the charter and ordinance provisions "provide both 30–year policemen [and] firemen enhanced pension benefits, neither section grants them identical benefits." The trial court noted that the provisions "recognize that pension benefits of a 30–year policeman versus a 30–year fireman will not necessarily be the same as they each work within separate divisions of City Government which have separate salary structures." The trial court then held that, assuming *arguendo* that the firefighters and police officers were similarly situated and that the equal protection clause applied, the City had a rational basis for the disparate treatment. From that order, the Firefighters now appeal.

Since this case was tried by the trial court sitting without a jury, we review the trial court's factual findings *de novo* accompanied by a presumption of correctness unless the preponderance of the evidence is otherwise. Tenn. R.App. P. 13(d); *Campbell v. Fla. Steel Corp.,* 919 S.W.2d 26, 35 (Tenn.1996). The trial court's legal conclusions are reviewed *de novo* with no presumption of correctness. *Campbell,* 919 S.W.2d at 35.

 The equal protection clause of the United States Constitution provides: "No State shall make or enforce any law which shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend XIV, § 1. It is well settled that the equal protection clause does not require absolute equality

from the State and its political subdivisions. *Gray's Disposal Co. v. Metropolitan Gov't of Nashville*, 122 S.W.3d 148, 162–63 (Tenn.Ct.App.2002). It requires only "that persons similarly situated be treated alike." *Osborn v. Marr*, 127 S.W.3d 737, 741 (Tenn.2004) (quoting *Gallaher v. Elam*, 104 S.W.3d 455, 461 (Tenn. 2003)). Thus, if two classes are being treated differently, the equal protection clause has no application unless the classes are similarly situated within the meaning of the equal protection clause. *Id.*

■ On appeal, the Firefighters argue that they are similarly situated to police officers, pointing to the grouping of firefighters and police officers in article 10, section 67 of the City charter and section 25–1(4)(a)(3) of the City code. The Firefighters also cite *City of Chattanooga v. Harris*, 442 S.W.2d 602 (Tenn.1969), in which the Tennessee Supreme Court determined that it was proper to provide both firefighters and police officers free counsel or indemnity for liability if they are sued for acts connected to their employment. *Harris*, 442 S.W.2d at 603–04, 607. The Firefighters argue further that the City's decision to pension them off at the base pay of a "captain, or comparable rank," when police officers remain entitled to retire at the highest pay rates for a "captain, or comparable rank" does not pass constitutional muster, because there is not even a rational basis for the distinction.

The threshold issue, of course, is whether firefighters and police officers were similarly situated so as to warrant application of the protection of the equal protection clause. The municipal charter and ordinances clearly set both firefighters and police officers apart from other municipal employees, and grant them special benefits not otherwise available to municipal employees. Both firefighters and police officers work within a command structure, deal daily with emergency situations, and are confronted with life-threatening circumstances not encountered by other municipal employees. These are substantial similarities. There are, however, substantial differences as well. As noted by the trial court, firefighters and police officers work in different divisions of the City and have greatly different job responsibilities. They have a different command hierarchy, job duties for each rank, and different compensation structures. The municipal charter and ordinance provisions note that thirty-year firefighters are entitled to compensation as fire captains and thirty-year police officers are entitled to compensation as police captains, underscoring the fact that the rank of captain for firefighters is not the same as the rank of captain for police officers.

Under these circumstances, we must conclude that firefighters and police officers are not sufficiently similarly situated to warrant application of the equal protection clause of the Constitution. This holding pretermits the issue of whether the City had a rational basis for the difference in treatment.

The decision of the trial court is affirmed. Costs on appeal are taxed to Appellants Sam Posey, Danny Todd, William "Billy" A. Chitwood, and Jimmy L. Porter, and their sureties, for which execution may issue, if necessary.