# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### October 15, 2010 Session

## ROBERT EDWARDS, ET AL. v. CITY OF MEMPHIS, ET AL.

### Direct Appeal from the Chancery Court for Shelby County
### No. CH-05-1880    Arnold Goldin, Chancellor

---

### No. W2010-00983-COA-R3-CV - Filed November 12, 2010

---

Appellants, police officers with the Memphis Police Department, filed suit against the City and the Director of Police Services, claiming that the City violated Memphis City Charter Section 67 by failing to promote the officers to the rank of Captain after thirty years of service. The trial court entered summary judgment in favor of the City, and the officers appeal. Finding that the relevant case law clearly establishes: (1) that Appellants have no legal right to work as Captains, a rank that no longer exists; (2) that the City's decision to abolish this rank for operational purposes was not discriminatory; and (3) that Section 67 of the City Charter is a retirement tool and not a guarantee of employment, we affirm.

### Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Chancery Court Affirmed

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M., KIRBY, J., joined.

Robert A. Wampler, Memphis, Tennessee, for the appellants, Robert Edwards, Paul Keating, Jeff Todd, Ken Roach, Jimmie L. Daniels, Otis Anderson, Jr., and Harrison Garrison.

Louis P. Britt, III and Emily B. Bjorkman, Memphis, Tennessee, for the appellees, City of Memphis and Larry Godwin, Director of Police Services for the City of Memphis.

### OPINION

Robert Edwards, Paul Keating, Jeff Todd, Ken Roach, Jimmie L. Daniels, Otis Anderson, Jr., and Harrison Garrison (together, "Appellants," or the "Officers") began working for the Memphis Police Department ("MPD") on March 31, 1975. Six of the seven

Appellants are retired from the MPD.[1]

On October 13, 2005, the Appellants filed a petition for writ of mandamus in the Chancery Court of Shelby County. In relevant part, the Officers alleged that the City of Memphis (the "City"), and the Director of Police Services, Larry Godwin (together with the City, "Appellees") had violated Memphis City Charter Section 67 by refusing to promote the Officers to the status of Captain. Section 67 of the Memphis City Charter provides:

> **Sec. 67. Automatic promotion to captain after thirty years.**
> Any fireman or policeman who shall have served the City of Memphis for a period of thirty (30) years, either continuously or intermittently, shall, at the expiration of said thirty years, automatically be promoted to the rank of captain of the fire division or captain of the police division, with all the salary, emoluments and other privileges of said rank; and, upon the retirement of such fireman or policeman, he shall receive a pension as captain.
>
> Automatic promotion to the rank of captain in either the fire service division or the police division as set out in the above paragraph shall not apply to any person employed by the city after the date of January 31, 1979.

The current civil service ranks, in ascending order, include: Patrol Officer, Sergeant, Lieutenant, Major, and Inspector (renamed Lieutenant Colonel). According to the Affidavit of Donald Boyd, Deputy Chief of Administrative Services for the MPD, in order to attain civil service promotions past Patrol Officer, officers must undergo civil-service, merit-based, job-related testing.[2] However, prior to 2005, officers in the MPD could receive a promotion to Captain after thirty years of service, without undergoing the testing. Captain was the only rank achieved solely by length of service.

In November 2004, Larry Godwin was appointed the Director of Police Services. Director Godwin began his tenure by reviewing the operational structure of the MPD. As

---

[1] Harrison Garrison retired on January 16, 2008; Paul Keating retired on April 14, 2008; Jeff Todd and Jimmie L. Daniels retired on July 14, 2008; Otis Anderson, Jr., retired on October 14, 2008; Ken Roach retired on November 10, 2008. At the time of the hearing in this case, Robert Edwards was still employed as a Sergeant with the MPD.

[2] Deputy Chief Boyd's Affidavit was filed in support of Appellees' motion for summary judgment, *see infra*.

is pertinent to the instant case, Director Godwin instructed Deputy Chief Boyd to examine the Captain rank. This request was perhaps precipitated by the fact that the City had abolished the rank of Captain for the Memphis Fire Department in 1988. *See Burrell v. City of Memphis*, 1989 WL 92164 (Tenn. Ct. App. Aug. 16, 1989), *perm. app. denied* (Tenn. Nov. 6, 1989). According to Director Godwin's Affidavit, after review, he determined that the Captain rank was not operationally necessary. Specifically, Director Godwin's review revealed that the MPD had approximately ninety-four thirty-year Captains. A significant number of the thirty-year Captains had been promoted straight from the rank of Patrol Officer, and had limited or no supervisory experience. During the period of Director Godwin's review of the MPD's operational structure, the City administration instructed all City Directors to look for ways to reduce their operating budgets. To this end, Director Godwin stated that he estimated that the abolition of the Captain rank could reduce the MPD budget by more than one million dollars.

On February 18, 2005, the City announced that it was eliminating the rank of Captain in the MPD's operational structure. After the announcement, all incumbents were given the choice of either retiring at the rank of Captain, or returning to the rank they held prior to the rank of Captain. None of the ninety-four officers holding the rank of Captain were terminated, and the Captains' pensions were not affected by the elimination of the Captain rank. In fact, the record indicates that the pensions of the six Appellants who retired were calculated based upon a Captain's salary grade under Section 67 of the City Charter. Moreover, when Sergeant Edwards retires, he, too, will receive pension benefits based upon a Captain's salary.

On December 20, 2005, Appellees filed a motion to dismiss in response to Appellants' petition for writ of mandamus. Thereafter, on February 24, 2006, Appellants amended their writ to add claims of disparate-impact, age discrimination. Consequently, Appellees filed an amended motion to dismiss on February 15, 2007. The motion was heard on June 3, 2007. On October 10, 2007, the court granted the motion to dismiss upon its finding that the matter was *res judicata*, specifically finding that the cases of *Gillespie, et al. v. City of Memphis*, No. W2007-01786-COA-R3-CV, 2008 WL 2331027 (Tenn. Ct. App. June 5, 2008), *reh'g denied* (Aug. 15, 2008)[3] and *Williams, et al. v. City of Memphis*, Chancery Court Docket

_____

[3] In *Gillespie*, approximately sixty-three officers of the Memphis Police Department, employed as either Captains or Majors, filed suit against the City of Memphis. The officers sought, among other things, a declaratory judgment that the City had violated the Charter and an injunction preventing the abolition of the rank of Captain. Additionally, they claimed that the City had created a new, de facto rank within the department-an "executive major"-which was not authorized by the Charter, and they sought an order enjoining the rank's use. The trial court entered an Order denying the officers' request for an injunction to enjoin the City from abolishing the rank of Captain. The court stated that "Plaintiffs do not enjoy a likelihood
(continued...)

Number CH-05-0421-3, are controlling.[4] Appellants appealed the dismissal. This Court reversed and remanded, holding that the Appellees had not established privity of parties to support a dismissal based upon *res judicata*. *Edwards, et al. v. City of Memphis*, No. W2007-02449-COA-R3-CV, 2009 WL 2226222, at *3-4 (Tenn. Ct. App. July 27, 2009).

Upon remand, on October 7, 2009, Appellants filed a motion for partial summary judgment, alleging that the City had violated Charter Section 67, by failing to promote them to the rank of Captain after thirty years of service. On December 18, 2009, Appellees filed their response in opposition to Appellants' motion for partial summary judgment; concurrent therewith, Appellees filed their own motion for summary judgment as to all of Appellants' claims. The motions for summary judgment were heard on March 2, 2010. By Order of March 26, 2010, the court denied Appellants' motion for partial summary judgment, and granted Appellees' motion for full summary judgment. Appellants appeal. We restate the issue as follows:

> Whether the trial court erred in granting summary judgment in favor of Appellees', upon its finding that Section 67 of the City Charter is a retirement tool, as opposed to a guarantee of employment, such that Appellants are not entitled to promotion to the rank of Captain after thirty years of service, but will receive that rank upon retirement.[5]

---

[3](...continued)
of success on the merits, and therefore do not satisfy their burden for the issuance of a temporary injunction." The resolution of this issue apparently was not appealed. Thereafter, the trial court found that the City had created an unauthorized rank and enjoined its use; however, it denied the officers' claims for monetary relief. *Gillespie v. City of Memphis*, 2008 WL 2331027, at *1. On appeal, this Court vacated as moot the trial court's injunction and declaratory judgment, as the City abolished the "executive major" rank prior to trial, and we affirmed the trial court as to damages. *Id*. at *5, 11.

[4] As noted by this Court in *Edwards, et al. v. City of Memphis*, No. W2007-02449-COA-R3-CV, 2009 WL 2226222, at *2 n. 5 (Tenn. Ct. App. July 27, 2009), in *Williams*, approximately sixty-one police officers who were promoted to the rank of Captain pursuant to the Charter of the City of Memphis brought suit against the City of Memphis. The officers sought an injunction prohibiting the City from "failing to furnish 30-year Captains with all of the salary, emoluments and other privileges of that rank [.]" The trial court denied the officers' application for injunctive relief, again finding that they did "not enjoy a likelihood of success on the merits[.]" Subsequently, the parties entered a consent order dismissing the suit without prejudice.

[5] Appellants have raised no issue concerning the dismissal of their age discrimination claims.

It is well settled that a motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. *See* Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *See **Bain v. Wells***, 936 S.W.2d 618, 622 (Tenn. 1997). On a motion for summary judgment, the court must take the strongest legitimate view of evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *See **id.*** In ***Byrd v. Hall***, 847 S.W.2d 208 (Tenn. 1993), our Supreme Court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery material, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth specific facts showing that there is a genuine issue of material fact for trial.

*Id*. at 211 (citations omitted).

Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *See **Carvell v. Bottoms***, 900 S.W.2d 23, 26 (Tenn. 1995). Because only questions of law are involved, there is no presumption of correctness regarding a trial court's grant or denial of summary judgment. *See **Bain***, 926 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *See **Warren v. Estate of Kirk***, 954 S.W.2d 722, 723 (Tenn. 1997).

Based upon Section 67 of the City Charter, Appellants contend that they are entitled to promotion to the rank of Captain, without the requirement of retirement. This Court has interpreted Section 67 in three separate cases. In each of these cases, we held that Section 67 is merely a retirement tool, and that it does not confer a guarantee of continued employment as a Captain.

As briefly mentioned above, in ***Burrell v. City of Memphis***, 1989 WL 92164, this Court addressed a situation in which thirty-year Captains in the Memphis Fire Department sued the City when the Captain rank was eliminated during the reorganization of the Fire Department. *Id*. at *1. The ***Burrell*** plaintiffs argued that the City violated Section 67 by not permitting them to work as Captains until they chose to retire, and that the provision required the City to continue to employ them in the rank of Captain for as long as they were capable

of serving in that position. *Id*. at *2. This Court disagreed with Plaintiffs' position, and held that Section 67 "did not create a guarantee of employment; that it did provide for automatic promotion to captain at the completion of thirty years of service and provided for a captain's pension upon retirement." *Id*. In so ruling, this Court implicitly affirmed the City's decision to abolish the rank of Captain from the Fire Department's operational structure.

In the subsequent case of *Posey v. City of Memphis*, 23 S.W.3d 332 (Tenn. Ct. App. 2000), *perm. app. denied* (Tenn. June 12, 2000), this Court addressed the method of calculating pensions for City firefighters with thirty or more years of service. These firefighters would have been eligible for automatic promotion to the rank of Captain under Section 67, but for the elimination of that rank in the command structure. In *Posey*, this Court recognized that the holding in *Burrell* "relegat[d] the automatic promotion provision of Section 67 to purely a retirement tool[, and that] [s]uch promotion to captain rewards the employee for faithful service *but provides no automatic benefit if the employment is continued after thirty years*." *Posey*, 23 S.W.3d at 335 (emphasis added). This Court further described Section 67 as a device for enhancing the pension benefits of eligible employees, *Id*. at 336, and specifically held that, "since the provision of Section 67 is for the purposes of retirement pension only, the City's decision to retain the rank of captain for pension determination is proper, even though [the rank of Captain] is no longer in the command structure." *Id*. In so ruling, we again implicitly affirmed the City's decision to stop promotions to Captain in its departments.[6]

In *Dunlap v. City of Memphis*, No. W2003-02649-COA-R3-CV, 2004 WL 2599752 (Tenn. Ct. App. Nov. 12, 2004), this Court reaffirmed the holdings in *Burrell* and *Posey*. In *Dunlap*, a number of Memphis police officers argued that the time they had volunteered to serve in the police reserves should count as time toward their thirty years of service under Section 67. *Dunlap*, 2004 WL 2599752, at *1. Relying upon *Burrell* and *Posey*, we rejected the plaintiffs' argument, noting that, because Section 67 is "purely a retirement tool," it would be illogical to permit volunteer officers to enjoy the benefits of such a retirement tool when the Memphis City Code explicitly excludes them from City retirement benefits. *Id*. at *5.

Our Federal courts have also addressed the abolition of the rank of Captain. In the unpublished case of *Gill v. City of Memphis*, *et al*. No. 05-2265 (W.D. Tenn. 2005), several Memphis police officers brought suit against the City for alleged age discrimination, and alleged violation of plaintiffs' rights to due process and equal protection under the Fifth and Fourteenth Amendments. In Judge Bernice Donald's amended order granting the City's

---

[6] *See also Posey v. City of Memphis*, 164 S.W.3d 575 (Tenn. Ct. App., 2004), *perm. app. denied* (Tenn. Feb. 28, 2005).

motion to dismiss, the court relies upon both ***Dunlap*** and ***Gillespie*** in finding that the plaintiffs failed to state a claim for relief because "it was reasonable for the [City] to administer Section 67 as solely a retirement benefit."[7]

In another unpublished case, ***Balee, et. al. v. City of Memphis***, No. 06-2062 (W.D. Tenn. 2009), thirty-four police captains filed suit against the City, alleging age discrimination under Title VII of the Tennessee Human Rights Act, as well as violation of the Equal Protection clause, based upon the abolition of the rank of Captain. Judge Samuel Mays, Jr. granted the City's motion for summary judgment, concluding that the City had a legitimate, non-discriminatory reason for abolishing the rank of Captain.

Similarly, in ***Aldridge v. City of Memphis, et al.***, No. 05-2966B, 2007 WL 4570881 (W.D. Tenn., Dec. 28, 2007), twenty-six police Captains alleged claims of race, gender, and age discrimination under Title VII, as well as claims for breach of contract, and due process and equal protection violations based on the abolition of the Captain rank. Once again, the District Court granted the City's motion for summary judgment, holding, in relevant part, that the City did not breach an express or implied contract with plaintiffs, that the plaintiffs had no guaranteed right of continued employment as Captains, and that the City had legitimate, non-discriminatory reasons for abolishing the rank of Captain in its command structure. ***Aldridge***, 2007 WL 4570881, at *5.

Appellants make several attempts to distinguish this case from the aforementioned cases; however, their efforts are ultimately unpersuasive. Appellants first argue that this case, unlike ***Burrell***, involves police officers, as opposed to firefighters. This argument lacks merit because both cases involve the same city charter provision, Section 67, which, by its plain language, applies to both police officers and firefighters. Moreover, as discussed above, subsequent cases involving police officers have relied upon the ***Burrell*** case for guidance. *See**, e.g., Dunlap***, 2004 WL 2599752, at *3 (holding that, "[i]n light of our finding in ***Burrell*** and ***Posey***, [] the automatic retirement provision is 'purely a retirement tool'"). Appellants further argue that ***Burrell*** is not controlling authority and that it has no precedential value. We respectfully disagree. While it is true that unpublished opinions are not controlling, Tenn. S. Ct. Rule 4(G) specifically states that unpublished cases constitute persuasive authority.[8] Because the ***Burrell*** case has been relied upon in subsequent cases,

_____

[7] We note that neither the ***Gill*** case, nor the ***Balee*** case (*see infra*) are published on Westlaw or Lexis; however, the final orders, entered by the District Court, are included in this appellate record.

[8] Tenn. S. Ct. Rule 4(G) provides, in relevant part, as follows:

> (G)(1) An unpublished opinion shall be considered controlling authority

(continued...)

both state and federal, we find that it is quite persuasive in the instant appeal. Furthermore, the facts of **Burrell** are similar to those presented in this appeal. Like the Appellants here, three of the plaintiffs in **Burrell** had completed their thirtieth year of employment prior to the elimination of the Captain rank. Furthermore, the three **Burrell** plaintiffs, like our plaintiffs, were advised that they could either continue employment in their present position, or could retire and attain the rank of Captain under Section 67. **Burrell**, 1989 WL 92164, at *2. The **Burrell** Court held that the City did not violate Section 67 of the Charter when it eliminated the rank of Captain and required plaintiffs to retire if they elected promotion under Section 67. **Id**. at *5-6. Likewise, the Appellants in this case were given the same option to continue their employment, or to elect promotion through retirement under Section 67. In short, **Burrell** firmly establishes that the City did not violate Section 67 of the Charter by eliminating the rank of Captain as an automatic promotion. As in **Burrell**, these Appellants are not entitled to automatic promotion to the rank of Captain after thirty years of service, but will receive that promotion upon retirement.

Appellants next argue that, because this case involves a writ of mandamus, it is distinguishable from the aforementioned cases. We disagree. This argument appears to be a distinction without a difference. Moreover, Appellants have failed to provide any support for this argument in their brief. Tenn. R. App. P. 27(a)(7).[9]

---

[8](...continued)

> between the parties to the case when relevant under the doctrines of the law of the case, res judicata, collateral estoppel, or in a criminal, post-conviction, or habeas corpus action involving the same defendant. Unless designated "Not For Citation,""DCRO"or "DNP"pursuant to subsection (F) of this Rule, unpublished opinions for all other purposes shall be considered persuasive authority. Unpublished opinions of the Special Workers' Compensation Appeals Panel shall likewise be considered persuasive authority.
>
> (2) Opinions reported in the official reporter, however, shall be considered controlling authority for all purposes unless and until such opinion is reversed or modified by a court of competent jurisdiction

[9] Tenn. R. App. P. 27(a) provides, in pertinent part, as follows:

> (a) Brief of the Appellant. —The brief of the appellant shall contain under appropriate headings and in the order here indicated:
>
> *                              *                              *
>
> (continued...)

Finally, Appellants argue that this case, unlike the aforementioned cases, is not a lawsuit for continued employment after promotion to Captain; rather, Appellants contend that, once promoted, the City may then take whatever steps it deems necessary to terminate or continue Appellants' employment. Based upon the aforementioned case law, which clearly supports a finding that the City has no legal obligation to employ officers as Captains, this argument lacks merit. Rather, the cases discussed above affirm the City's decision to abolish the rank of Captain and, in so doing, establish the fact that officers who serve for thirty years in the MPD have no right to work at the rank of Captain. Tennessee courts have consistently held that Section 67 of the City Charter provides no such guarantee, but instead provides only for enhanced pension benefits upon the retirement of an eligible employee. *Burrell*, 1989 WL 92164; *Posey*, 23 S.W.3d 332; *Dunlap*, 2004 WL 2599752. As explained in *Dunlap*, Section 67 is merely a retirement tool. In the instant case, it is undisputed that six of the Appellants have been given retirement benefits commensurate with the rank of Captain, and that Sergeant Edwards will receive the same benefit upon his retirement. Consequently, Appellants have failed to establish a violation of the City's Charter.

For the foregoing reasons, we affirm the trial court's order, granting summary judgment. Costs of this appeal are assessed to the Appellants, Robert Edwards, Paul Keating, Jeff Todd, Ken Roach, Jimmie L. Daniels, Otis Anderson, Jr., Harrison Garrison, and their surety.

_____
J. STEVEN STAFFORD, JUDGE

---

[9](...continued)

(7) An argument, which may be preceded by a summary of argument, setting forth: (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);