IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 13, 2014 Session

## BRYANT JENNINGS v. CITY OF MEMPHIS

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-12-1494-2      Arnold Goldin, Chancellor**

**No. W2013-02570-COA-R3-CV - Filed July 24, 2014**

This case involves the eligibility of a Memphis police officer for automatic promotion to thirty-year Captain. The trial court granted summary judgment in favor of the officer. However, because the officer was a temporary employee prior to the cut-off date set forth in the automatic promotion provision, we find that he is not entitled to automatic promotion. We reverse the grant of summary judgment in favor of the officer and we grant summary judgment in favor of the City of Memphis. The case is remanded for further proceedings, as may be necessary, consistent with this opinion.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which J. STEVEN STAFFORD, J., and PAUL G. SUMMERS, SENIOR JUDGE, joined.

Prince C. Chambliss, Jr., Assistant City Attorney, Memphis, Tennessee, for the appellant, City of Memphis

Clyde W. Keenan, Memphis, Tennessee, for the appellee, Bryant Jennings

**OPINION**

## I.  FACTS & PROCEDURAL HISTORY

The following facts are undisputed for purposes of summary judgment.  Bryant Jennings began working as a *temporary*, full-time research associate with the Memphis Police Department on August 28, 1978.  He worked in that position until June 11, 1979 when he was transferred to police recruit training from which he graduated and became a full-time commissioned police officer–apparently, a *permanent* position.  Mr. Jennings has been continuously employed by the City since August 28, 1978.

On September 21, 2012, Mr. Jennings filed a Complaint for Declaratory Judgment in the Shelby County Chancery Court seeking a declaration that he "be promoted to the rank of Captain with full back pay and benefits to the date of his eligibility for same."  Mr. Jennings relied upon the Memphis City Charter, Article 10, Section 67, which provides:

> Any fireman or policeman, who shall have served the City of Memphis for a period of thirty (30) years, either continuously or intermittently, shall, at the expiration of said thirty years, automatically be promoted to the rank of captain of the fire division or captain of the police division, with all the salary, emoluments and other privileges of said rank; and, upon the retirement of such fireman or policeman, he shall receive a pension as captain.

> Automatic promotion to the rank of captain in either the fire service division or the police division as set out in the above paragraph shall not apply to any person employed by the City after the date of January 31, 1979.

He claimed that although the City had previously determined that he was eligible for promotion to thirty-year captain, it had later refused such promotion.[1]

After filing its Answer, the City filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment and an accompanying memorandum of law.  The City

---

[1]Mr. Jennings attached as an exhibit to his Complaint, a letter dated May 24, 2000, from the City of Memphis Administrative Services Manager stating that he would be eligible for thirty-year Captain on August 28, 2008–thirty years after he began working as a temporary research associate.  On appeal, Mr. Jennings does not argue that he is entitled to promotion under promissory estoppel and, in any event, this Court has previously determined that mistakes of city employees regarding eligibility for automatic promotion to thirty-year Captain do not give rise to a right to declaratory judgment. ***See Dunlap v. City of Memphis***, No. W2003-02649-COA-R3-CV, 2004 WL 2599752, at *4 (Tenn. Ct. App. Nov. 12, 2004).

asserted two theories as to why Mr. Jennings was not entitled to automatic promotion: (1) Mr. Jennings, as a *temporary* employee was not an "employee" entitled to retirement benefits, and therefore, was not "employed" by the City as of January 31, 1979; and (2) Mr. Jennings, as a research associate as of January 31, 1979, was not entitled to benefits reserved for policemen and firemen. In sum, the City contended that to be entitled to automatic promotion pursuant to Section 67, Mr. Jennings must have been a *permanent police officer*[2] prior to February 1, 1979. The City attached the Affidavit of the City of Memphis Human Resources Division Director, which provided in part:

> Without regard to whether Bryant Jennings, Petitioner herein, was employed continuous and full-time, his capacity as a temporary employee prior to June 11, 1979 disqualifies that employment from credit towards pension benefits. Therefore, his official employment commencement date for pension benefits is June 11, 1979, the day that he enrolled at the academy to begin his employment as a City of Memphis police officer. That date, June 11, 1979, is the continuous, regular full-time employment date listed in Petitioner's personnel file. His position as a Research Associate in the Police Services Division, which he began on August 28, 1978, is described as full-time temporary employment.

Additionally, the City attached an excerpt from the Memphis City Ordinance, Article I, Section 25-1, Pensions and Retirement, which defined "Employee" in relevant part as follows:[3]

> *Employee*: Any person in the regular, full-time employ of the city to the extent that the city contributes to the salary of such employee in a job classification

---

[2]Here, there is apparently no dispute that Mr. Jennings has been employed as a police officer for at least thirty years–from 1979 to the present. It appears that the City has abandoned its argument that Mr. Jennings is not entitled to retire as a thirty-year captain because his service prior to February 1, 1979 was as a *research associate* rather than as a *policeman*, irrespective of the temporary v. permanent classification. In any event, based upon our resolution of the temporary v. permanent issue, we find it unnecessary to address whether Mr. Jennings was also required to be in a police officer position prior to February 1, 1979.

[3]The provisions of Section 25-1 are currently found in the Code of Ordinances, Title 4 Pensions and Retirement, Section 4-4-1. In the trial court, an issue was raised regarding the applicability of Section 25-1 to Mr. Jennings because Section 25-1 was not adopted until 1985. However, the definition of "employee" at issue in this case was also set forth in Ordinance 2696, which created requirements for membership in the City of Memphis pension and retirement system for persons employed by the City after July 1, 1978. Because Ordinance 2696 was enacted prior to Mr. Jennings' employment–of any type–with the City, we will refer to the "employee" definition set forth therein; to be clear, the definition remained unchanged in Section 25-1 and in Section 4-4-1.

or title that the city administration shall designate as eligible for participation in the plan . . . but not including . . . temporary employees as classified by the city[.]

Mr. Jennings then filed a competing Motion for Summary Judgment arguing that Section 67 unambiguously provides for promotion without exclusions based upon administrative designations.

Following a hearing, the chancery court entered an Order on July 25, 2013, granting Mr. Jennings' Motion for Summary Judgment. The Order recited in pertinent part:

> The issue before it is one of statutory interpretation. The Court has to interpret [Section 67] just as if the Court would be interpreting a statute from the Tennessee legislature.
>
> The Court has to assume in reading this statute that the City legislative body intended what it stated when it wrote the statute. This statute says any police or firemen who shall have served the City of Memphis for a period of 30 years.
>
> It doesn't say, and it could have said, who shall have served the City of Memphis as a fireman or patrolman for a period of 30 years. It didn't say that. It just says who shall have served the City of Memphis for a period of 30 years either continuously or intermittent[ly]. And [Section 67] goes on to say in the second paragraph, automatic promotion to the rank of captain in either the fire service division or the police division as set out in the above paragraph shall not apply to any person employed by the City after the date of January 31, 1979. Again it didn't specify police or fireman.
>
> So it seems to this Court when this statu[t]e was drafted, it took into consideration the fact that someone could have served the city in another capacity other than a policeman or fireman, and that that would also be considered as part of the time necessary to complete the requirements.
>
> In this case there is no question, no dispute about the fact that Mr. Jennings was a policeman or a fireman at the time that he retired or at the time that he made the 30 years, and that the question is whether or not the time of service prior to the time that he became a policeman should be considered.
>
> It is the Court's interpretation reading the statute that the statute did not

restrict it to the period of time that he became a policeman and that the period of time that he served the city prior to the time that he became a police officer should count towards his retirement.

Ostensibly, because the chancery court failed to mention the effect, if any, of Mr. Jennings' "temporary employee" status prior to at least June 1979, the City filed a Motion to Alter or Amend Judgment arguing that the court had erred in refusing to consider matters outside of Section 67. Specifically, the City cited the City of Memphis Charter, Article 7, Section 53 which authorizes the Board of Commissioners to establish a retirement or pension system and to determine who may be included as members of said system as well as Memphis City Ordinance, Article I, Section 25-1, Pensions and Retirement, which defines "Employee" to exclude temporary employees.

The chancery court denied the City's Motion to Alter or Amend. First, it stated that the Ordinance defining "Employee" was not passed until 1985 and, therefore, it concluded that the Ordinance "obviously cannot be applicable to Jennings." Assuming *arguendo* that the Ordinance's narrow definition of "employee" would render Section 67's benefits unavailable to Mr. Jennings, the court found "no legal grounds for permitting its retroactive application." Moreover, the court stated that it had considered the portions of the Charter and the Ordinance cited by the City, and it had, nonetheless, determined that summary judgment should be granted in favor of Mr. Jennings.

A final judgment was entered on October 11, 2013, and the City timely appealed to this Court.

## II. ISSUES PRESENTED

The City presents the following issues for our review:

1.      Whether this Court should reverse the trial court's finding that Mr. Jennings is entitled to retire as a Thirty Year Captain because it erred in disregarding the definition of "employee" as is set forth in the applicable ordinance and instead refused to read the Charter and Ordinance provisions *in pari materia*; and

2.      Whether this Court should reverse the trial court's finding that Mr. Jennings has the required number of years of service because the applicable ordinance excludes Mr. Jennings as an "employee" so as to prohibit compliance with the number of years of service required by the Charter provision to entitle a police officer to retire as a Thirty Year Captain.

For the following reasons, we reverse the grant of summary judgment in favor of Mr. Jennings and we grant summary judgment in favor of the City of Memphis. The case is remanded for further proceedings, as may be necessary, consistent with this opinion.

### III. STANDARD OF REVIEW

Competing motions for summary judgment were filed in this case. The party moving for summary judgment has the burden of showing that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." **Tenn. R. P. 56.04**. A party moving for summary judgment who does not bear the burden of proof at trial shall prevail on its motion if it:

> (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or

> (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

**Tenn. Code Ann. § 20-16-101**. We review a grant of summary judgment *de novo* with no presumption of correctness. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008).

### IV. DISCUSSION

This appeal involves an often-litigated City of Memphis Charter provision. As stated above, Article 10, Section 67 of the City of Memphis Charter provides:

> Any fireman or policeman, who shall have served the City of Memphis for a period of thirty (30) years, either continuously or intermittently, shall, at the expiration of said thirty years, automatically be promoted to the rank of captain of the fire division or captain of the police division, with all the salary, emoluments and other privileges of said rank; and, upon the retirement of such fireman or policeman, he shall receive a pension as captain.

> Automatic promotion to the rank of captain in either the fire service division or the police division as set out in the above paragraph shall not apply to any person employed by the City after the date of January 31, 1979.

On appeal, the City contends that Mr. Jennings is not entitled to retire as a thirty-year Captain. The City argues that as a *temporary* employee, Mr. Jennings was not an "employee" as defined by Ordinance 2696, and therefore, he was not "employed by the City" by the January 31, 1979 cut-off date set out in Section 67.

In response, Mr. Jennings contends that the City's reliance upon the definition of "employee" set forth in Ordinance 2696 for pension and retirement purposes, is misplaced because he is seeking only promotion to the rank of Captain and not pension credit.

We begin our analysis by considering previous cases which have interpreted Section 67 of the Memphis City Charter.

In *Burrell v. City of Memphis*, 1989 WL 92164 (Tenn. Ct. App. Aug. 16, 1989) *perm. app. denied* (Tenn. Nov. 6, 1989), eleven firefighters were promoted to the rank of Captain in the Fire Department, pursuant to Section 67, after completing thirty years of service. Thereafter, as a result of reorganization, the number of Captain positions was reduced; some captains were renamed "battalion commanders" and others were terminated. *Id.* at *2.

The former Captains brought suit arguing that Section 67 permitted them to work as Captain until they chose to retire. *Id*. Both the chancery court and this Court rejected the Captains' argument. *Id.* We found that Section 67 was "clear and unambiguous" and that it "*did not* create a guarantee of employment; that it *did* provide for automatic promotion to captain at the completion of thirty years of service and provided for a captain's pension upon retirement." *Id.* (emphasis in original). "In so ruling, this Court implicitly affirmed the City's decision to abolish the rank of Captain from the Fire Department's operational structure." *Edwards v. City of Memphis*, 342 S.W.3d 12, 16 (Tenn. Ct. App. 2010) (citing *Burrell*, 1989 WL 9164, at *2).

In *Posey v. City of Memphis*, 23 S.W.3d 332, 333 (Tenn. Ct. App. 2000), firefighters sought declaratory and injunctive relief concerning the City's method of calculating the pensions of firefighters with thirty or more years of service who were eligible for automatic promotion pursuant to Section 67. After elimination of the Captain rank, the firefighters sought to have their pension calculated based upon the current rank of battalion commander whereas the City sought to keep the Captain rank for retirement purposes, only. *Id.* In deciding *Posey*, we noted that *Burrell* had "effectively relegate[d] the automatic provision of Section 67 to purely a retirement tool" and that "[s]uch promotion to captain rewards the employee for faithful service but provides no automatic benefit if employment is continued after thirty years." *Id*. at 335. "Recognizing that the *Burrell* court determined that the automatic promotion provision, Section 67 of the Charter, is a device for enhancing the pension of those eligible firemen" and that "the provision of Section 67 is for the purposes

of retirement pension only," we found the "City's decision to retain the rank of captain for pension determination is proper, even though it is no longer in the command structure." *Id.* at 336.

Section 67 was again at issue in *Dunlap v. City of Memphis*, No. W2003-02649-COA-R3-CV, 2004 WL 2599752 (Tenn. Ct. App. Nov. 12, 2004), but, this time, in a suit brought by Memphis police officers. The officers argued that their time spent as reserve officers should be credited toward the thirty years of service required for automatic promotion to Captain. *Id.* at *1. The trial court disagreed, and we affirmed. *Id.*

In determining that the officers' service as reserve officers did not count toward the thirty years necessary for promotion pursuant to Section 67, we looked to Article III, Section 28-56 of the Memphis Code, enacted in 1967, which provided:

> The auxiliary police force shall be designated as the "Memphis Police Reserve" and shall be composed of voluntary membership not to exceed three hundred (300) members; such members shall be headed by the director of police of the city, hereinafter designated as the "director." They shall be part-time employees of the city police services division and shall be included in any life or health insurance or other such fringe benefits provided for employees of the city, if they do desire, but shall not be included under the civil service or retirement system of the city.

*Id.* at *3.

Given the "express *exclu*[*sion*]" of reserve officers from the City's retirement system, we found "no basis for crediting time spent in the Memphis Police Reserve toward the thirty years of service necessary for automatic promotion to Captain." We noted the holdings in *Burrell* and *Posey*, "that the automatic retirement provision 'is purely a retirement tool' and 'a device for enhancing the pension of those eligible [officers],'" and we found "it would be quite illogical to permit volunteer officers to enjoy the benefits of a retirement tool such as Section 67 when they are explicitly excluded from city retirement benefits under Section 28-56 of the Memphis City Code." *Id.* at *5.

In *Edwards v. City of Memphis*, 342 S.W.3d 12 (Tenn. Ct. App. 2010), seven police officers filed suit claiming that the City had violated Section 67 by failing to promote them to the rank of Captain after thirty years of service. As explained in *Edwards*, for budgetary reasons, the position of Captain was eliminated in the Memphis Police Department's operational structure on February 18, 2005. *Id.* at 14. The ninety-four thirty-year Captains in the department were given the choice of either retiring at the rank of Captain or returning

to the rank held prior to Captain with a Captain's pension upon retirement; no one was terminated and pensions were not affected. *Id; see also Edwards v. City of Memphis*, No. W2007-02449-COA-R3-CV, 2009 WL 2226222, at *1 n.2 (Tenn. Ct. App. July 27, 2009) (reversing the trial court's finding that suit was barred under *res judicata*).

The police officers and the City filed competing motions for summary judgment.[4] *Id.* The trial court granted summary judgment in favor of the City and this Court affirmed. *Id.* at 12, 15. We rejected the appellant police officers' argument that they were entitled to the promotion to the rank of Captain without the requirement of retirement. *Id.* at 16-19. We stressed that "Section 67 is merely a retirement tool" and that "Tennessee courts have consistently held that Section 67 of the City Charter provides no [right to work at the rank of Captain], but instead provides only for enhanced pension benefits upon retirement of an eligible employee." *Id.* (citing *Burrell*, 1989 WL 92164; *Posey*, 23 S.W.3d 332; *Dunlap*, 2004 WL 2599752).

The arguments espoused by the parties on appeal are somewhat difficult to discern. However, as stated above, the City seems to argue only that Mr. Jennings is not entitled to promotion pursuant to Section 67 because he was a *temporary* employee as of January 31, 1978, and, as a temporary employee, he is not an "employee" as defined by Ordinance 2696 for retirement purposes. In response, Mr. Jennings argues that we should look only to the language of Section 67, which contains no requirement that permanent employment commence prior to February 1, 1979.

First, we reject Mr. Jennings' apparent assertion that charter sections should be read in a vacuum. We must construe together the portions of both the Charter and the Code of Ordinances dealing with the same subject matter. *See 421 Corp. v. Metro. Gov't of Nashville and Davidson County*, 36 S.W.3d 469 (Tenn. Ct. App. 2000); *see also Barnes v. Ingram*, 397 S.W.2d 821, 823 (Tenn. 1966) (construing the Charter and Ordinances together); *Posey*, 164 S.W.3d at 576-77 (same).

Article 7, Section 53[5] of the City Charter vests the Board of Commissioners with authority to establish a retirement or pension system for the officers and employees of the Fire Department and the Police Department and to determine who may be included as

_____

[4]Prior to filing motions for summary judgment, Appellants filed petitions for writ of mandamus and the City filed motions to dismiss. *Edwards*, 342 S.W.3d at 14. The trial court dismissed the case based upon *res judicata*, but this Court reversed and remanded. *Id.* at 14-15.

[5]Section 53 lists as its "Code reference," "Pensions and retirement, title 4[.]"

members of such system. Ordinance 2696[6] outlines the pension and retirement system plans for general employees, including police officers and firefighters, and it defines "employee," for retirement and pension purposes, to include persons "in the regular, full-time employ of the city . . . but not including . . . temporary employees as classified by the city[.]"

Mr. Jennings attempts to separate Section 67 and Ordinance 2696 by arguing that the former deals with *promotions* while the latter deals with *retirement and pensions*. Because Section 67 has overwhelmingly been limited to the retirement arena, we find this argument unavailing. Clearly, Section 67 and Ordinance 2696 relate to the same subject matter and must be considered together.

Here, there is no dispute that Mr. Jennings was a temporary employee prior to at least February 1, 1979. As such, he was not an "employee" under Ordinance 2696 and was not entitled to membership in the City's pension and retirement system. In line with the reasoning of *Dunlap*, because there is an express exclusion of temporary employees from the retirement system, we find it would be illogical to allow Mr. Jennings to utilize temporary service to meet the January 31, 1979 cut-off date set out in Section 67–a retirement tool–when such service is explicitly excluded for retirement purposes under Ordinance 2696.

In conclusion, we find that Mr. Jennings, as a temporary employee, prior to at least February 1, 1979, is not entitled to automatic promotion pursuant to Section 67. Accordingly, we reverse the trial court's grant of summary judgment in favor of Mr. Jennings and we grant summary judgment in favor of the City of Memphis. The case is remanded for further proceedings, as may be necessary, consistent with this opinion.

## V. CONCLUSION

For the aforementioned reasons, we reverse the grant of summary judgment in favor of Mr. Jennings and we grant summary judgment in favor of the City of Memphis. The case is remanded for further proceedings, as may be necessary, consistent with this opinion. Costs of this appeal are taxed to Appellee, Bryant Jennings, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.

---

[6]Title 4 was adopted in 1985; however, as previously explained, a prior ordinance enacted in 1978, Ordinance 2696, established a retirement system for City employees, including firemen and policemen, and it defined "employee" to exclude "temporary employees[.]"